FILED

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO ALEXANDER CEREN, | No. 10-73315 |
| Petitioner, | |
| v. | Agency No. A073-956-722 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Hugo Alexander Ceren, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Ceren does not contend he suffered past persecution but fears he will be harmed by the descendants of guerrillas he believes killed his grandfather and uncle. Substantial evidence supports the agency's finding that Ceren failed to establish it is more likely than not he will be harmed on account of an imputed political opinion. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) ("[T]he record provides no evidence [that the people petitioner feared] imputed political beliefs to [the petitioner]."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Ceren's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Ceren failed to establish it is more likely than not he would be tortured upon return to El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

10-73315